UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JORGE ASTORQUIZA and
TERESA ASTORQUIZA,

    Plaintiffs

v.                                                                  Case No. 8:19-cv-226-T-60CPT

COVINGTON SPECIALTY INSURANCE
COMPANY,

    Defendant
_____/

## ORDER ON PENDING MOTIONS

This matter is before the Court on several related motions. On July 20, 2020, Plaintiffs moved to lift the stay of this case and sought leave to file a third amended complaint. (Doc. 38). On August 3, 2020, Defendant filed a response in opposition to the motion to amend, combined with a motion for summary judgment directed to the second amended complaint. (Doc. 41). On August 14, 2020 the Court held a hearing on Plaintiffs' motion for leave to amend. On August 21, 2020, Plaintiffs filed a response in opposition to Defendant's motion for summary judgment. (Doc. 51). Based on the motions, responses, legal arguments, court file, and record, the Court finds as follows:

## Background

Plaintiffs Jorge and Teresa Astorquiza obtained an insurance policy with Defendant (the "Policy") for Plaintiffs' commercial property in Tampa. Hurricane Irma damaged Plaintiffs' property in 2017, and Plaintiffs provided notice of their

insurance claim to Defendant in June 2018. After several months, however, Defendant had neither paid the claim in whole or in part, nor acknowledged or denied coverage in whole or in part. Plaintiffs filed a two-count complaint in Florida state court on November 8, 2018, asserting a claim for breach of contract and requesting a declaratory judgment. After receiving Plaintiffs' estimate of damages, Defendant removed the case to this Court.

On July 29, 2014, Defendant answered Plaintiffs' second amended complaint, which asserted one count for breach of contract. In one paragraph, Defendant denied that a covered loss had occurred as alleged, but in another paragraph, Defendant appeared to admit such a loss had occurred. *See* (Doc. 22 at ¶¶ 8, 17; 23 at ¶¶ 8, 17). Defendant also asserted by way of affirmative defense that no amounts were due because the amount of Plaintiffs' loss was below the Policy's deductible, that Plaintiffs had failed to comply with the Policy's notice provisions, and that Plaintiffs had failed to mitigate their damages. Defendant also reserved the right to invoke the appraisal process provided in the Policy to resolve disputes over the amount of a covered loss.

On August 14, 2019, Defendant invoked the Policy's appraisal process. Plaintiffs opposed Defendant's resort to the appraisal process, but the Court ordered the parties to proceed with appraisal and stayed the case. The appraisal award issued in May 2020 determined that the amount of Plaintiffs' loss was $69,951.57, well above the amount of Plaintiffs' deductible. Defendant then paid $39,951.67, which was the amount of the award less the deductible.

Plaintiffs have moved to lift the stay and for leave to amend their complaint, offering a proposed third amended complaint that adds a count for bad faith under § 624.155, *F.S.* Defendant opposes the motion to amend and seeks summary judgment on Plaintiffs' existing claim for breach of contract.

## Analysis

### *Plaintiffs' Motion for Leave to Amend*

Although Plaintiffs' proposed third amended complaint includes minor changes to their breach of contract count, the primary purpose of the proposed amendment is the addition of a second count for statutory bad faith. *See* (Doc. 38 at ¶ 14). Defendant argues that the Civil Remedy Notice ("CRN") filed by Plaintiffs as a precondition to asserting their bad faith claim is deficient. A copy of the CRN is attached as an exhibit to Plaintiffs' proposed third amended complaint. (Doc. 38-1 at 88 et seq.). Section 624.155(3), *F.S.* requires that a CRN state with specificity information required by the Department of Financial Services ("DFS"). *See Pin-Pon Corp. v. Landmark Am. Ins. Co.*, 20-CV-14013-MIDDLEBROOKS, 2020 WL 3038576, at *2 (S.D. Fla. June 5, 2020). Plaintiffs' CRN on its face lacks information required by DFS, including the complainants' and their attorney's email addresses, the Plaintiffs' address, and the insurer's address. Plaintiffs' response offers no argument supporting the sufficiency of the CRN itself, but instead appears to address the timing of the notice, a point that Defendant has not raised.

The bad faith statute is strictly construed, and Plaintiffs' notice does not contain information required by the statute. *See Pin-Pon Corp.,* 2020 WL 3038576, at *2 (explaining that the civil remedy notice requirement is strictly construed, and dismissing the complaint where the attached civil remedy notice failed to include required information) (appeal pending). The bad faith count, if allowed, would therefore be subject to dismissal and allowing the proposed amendment would be futile. *See, e.g., Burger King Corp. v. Weaver,* 169 F.3d 1310, 1320 (11th Cir. 1999) (denial of leave to amend justified when the proposed amended complaint would be subject to dismissal). Plaintiffs' motion to amend is denied with respect to the count for bad faith.

As to the proposed contract claim, Defendant argues that leave to amend would be futile, largely for the same reasons it argues entitle it to summary judgment on Plaintiffs' existing contract claim. For the reasons discussed in the next section, however, the Court rejects these arguments as a basis for denying leave to amend.

The Court, however, will deny leave to amend for a different reason. The Court's case management and scheduling order (Doc. 13) set a deadline for pleading amendments of April 26, 2019. This deadline passed more than a year before Plaintiffs' motion to amend. Where a party seeks leave to amend after the deadline set by a court order, that party must demonstrate good cause to allow the amendment. *McKeever v. Liberty Mut. Group Inc.,* 487 F. App'x 487, 488 (11th Cir. 2012).

To the extent that the proposed contract claim alleges facts relating to the appraisal award, good cause would appear to exist, since the appraisal award had not been issued and Defendant had not paid the award until after the pleading deadline had passed.  Plaintiffs, however, may assert the existence of the award and its legal effect by evidence and argument under the existing second amended complaint, and the proposed amendment therefore appears superfluous.  The proposed contract count also contains additional minor amendments, including citations to various statutes,[1] but Plaintiffs have not attempted to show good cause as to these amendments.  In any event, as Defendant observes, the proposed claim for breach of contract is "nearly identical" to the existing version, and Plaintiffs may under the existing complaint present the same evidence and argument they could present under the proposed amendment.

As Plaintiffs have failed to show good cause for allowing the proposed amendment, the motion for leave to amend will be denied.  *See, e.g.*, *Robertson v. Interactive Coll. of Tech./Interactive Learning Sys., Inc.*, 743 F. App'x 269, 273 (11th Cir. 2018) (affirming denial of amendment despite movant's assertion that he was not seeking "to add facts, but to provide clarity and more details to facts already alleged"), *cert. denied sub nom. Robertson v. Interactive Coll. of Tech.*, 139 S. Ct. 819

---

[1] Plaintiffs' proposed third amended complaint cites as the statutory basis for its fee claim §§ 626.9373 and 626.911, *F.S.*  The second amended complaint cites § 627.428, *F.S.*  Courts have observed that §§ 627.428 and 626.9373 are essentially identical.  *See, e.g., Stavrakis v. Underwriters at Lloyd's London*, 8:16-CV-2343-EAK-JSS, 2018 WL 4908104, at *2 (M.D. Fla. June 29, 2018).  In any event, a plaintiff is not required to plead the specific statutory basis for a request for fees.  *See, e.g., Life Changing Ministries, Inc. v. Canopius US Ins., Inc.*, 5:15-cv-59-Oc-30PRL, 2016 WL 6947341, at *4 (M.D. Fla. Nov. 28, 2016).  Plaintiffs therefore may under the existing complaint pursue a fee claim based on whichever statutes apply.

(2019); *McKeever*, 487 F. App'x at 487 (affirming denial of leave to amend where movant made no attempt to show good cause for seeking leave after the deadline); *Angiolillo v. Collier Cty.*, 394 F. App'x 609, 612 (11th Cir. 2010) (affirming denial of leave to amend where good cause was not shown and the court's comparison of proposed amended pleading and original pleading "reveal[ed] only minor revisions").

***Defendant's Motion for Summary Judgment***

Defendant argues that because it has paid the award issued pursuant to the contractual appraisal process, there can be no further recovery under the contract and no issues to be determined under the contract claim. Thus, Plaintiffs' contract claim has been rendered moot. Defendant's request for summary judgment, by "reserving" on the issue of attorney's fees, necessarily concedes that issues remain as to Plaintiffs' entitlement to fees. Defendant argues, however, that any such issues are ancillary to the claim for breach of contract and do not preclude entry of summary judgment for Defendant.[2]

Plaintiffs, on the other hand, argue that the statutory provision for an award of fees is deemed to be part of the insurance contract itself, and that Defendant's post-suit payment constitutes a confession of judgment on their contract claim. They argue that Defendant, by its continued failure to pay Plaintiffs' attorney's fees, continued to contest the Plaintiffs' claim under the insurance policy. The correct

---

[2] Defendant presents its argument on the ancillary nature of fees in a motion for leave to file a reply memorandum. *See* (Doc. 52). Since the motion for leave itself has already (improperly) presented Defendant's argument, the motion for leave has been denied. The Court has, however, considered Defendant's argument on this point.

result, according to Plaintiffs, is not summary judgment for the Defendant, but confirmation of the appraisal award in favor of Plaintiffs, and an award of fees.

The Court finds Plaintiffs' argument to be the more persuasive and legally supportable on the record presented here. Multiple lines of reasoning and authority support this conclusion.

While attorney's fees are generally deemed ancillary to the underlying substantive claim, *see Cheek v McGowan Elec. Supply Co.*, 511 So. 2d 977 (Fla. 1987), it is questionable whether this concept applies to claims for fees under § 627.428, at least in the situation presented here. The Florida Supreme Court has held that § 627.428 is incorporated into every insurance contract and in that regard also noted that the fee statute provides that the fee award "shall be included in the judgment or decree rendered in the case." *State Farm Fire & Cas. Co v. Palma*, 629 So. 2d 830, 832 (Fla. 1993). Accordingly, the Florida Supreme Court held, when an insured is forced to sue to enforce the insurance contract because the insurer has contested a valid claim, "the relief sought is both the policy proceeds *and* attorney's fees pursuant to section 627.428." *Id*. Therefore, "'as long as the insurance company refused to pay any part of the relief sought, the action constituted a claim under the policy.'" *Id*. (quoting *Cincinnati Ins. Co. v. Palmer*, 297 So. 2d 96, 99 (Fla. 4th DCA 1974)); *see also Hill v. State Farm Fla. Ins. Co.*, 35 So. 3d 956, 960 (Fla. 2d DCA 2010) (equating conduct by an insurer sufficient to support a claim for fees under § 627.428 with conduct that breaches the insurance contract).

Even if the attorney's fees claim could be considered ancillary to the contract claim, it does not follow that summary judgment for Defendant would be appropriate here.  A number of cases, including *Hill*, which is cited by Defendant, reverse summary judgments in favor of insurers in similar circumstances.  *See, e.g., Hill*, 35 So. 3d at 960-961 (reversing summary judgment and remanding for a determination whether the plaintiff may be entitled to fees); *Beverly v. State Farm Fla. Ins. Co.*, 50 So. 3d 628 (Fla 2d DCA 2010) (reversing summary judgment for insurer who invoked appraisal process and paid appraisal award after the insured filed suit); *Clifton v. United Cas. Ins. Co. of Am.*, 31 So. 3d 826 (Fla. 2d DCA 2010) (reversing summary judgment for insurer because issues of fact remained as to whether the insurer forced the insured to file suit); *Goff v. State Farm Fla. Ins. Co.*, 999 So. 2d 684 (Fla. 2d DCA 2008) (reversing summary judgment for insurer where insurer's post-suit payment entitled plaintiff insureds to attorney's fees)

Defendant, on the other hand, cites no case in which an insurer was held entitled to summary judgment on an insured's breach of contract claim simply by virtue of the insurer's having paid an appraisal award after suit was filed.  Instead, Defendant's cited cases involved situations in which the filing of the lawsuit by the insured was unnecessary, because the insurer had already paid the claim or participated in the appraisal process prior to the insured's filing suit.

A summary judgment for Defendant here would additionally be inconsistent with the concept underlying the confession of judgment rule – that the insurer by payment of the claim has effectively abandoned the defense of the insured's lawsuit

and conceded that its prior withholding of payment had been incorrect. *See Amador v. Latin Am. Prop. & Cas. Ins. Co.*, 552 So. 2d 1132, 1133 (Fla. 3d DCA 1989) ("'When the insurance company has agreed to settle a disputed . . . case, it has, in effect, declined to defend its position in the pending suit'") (quoting *Wollard v. Lloyd's & Companies of Lloyd's*, 439 So. 2d 217, 218 (Fla. 1983)).

Summary judgment for the insurer on the contract claim, leaving open the issue of fees – as Defendant seeks here – would also be inconsistent with the terms of the fee statute. The statute provides for fees on rendition of a judgment for the insured and against the insurer, with the fee award to be included in "the" judgment. As Judge Bucklew explained in *Gimenez v. Am. Security Ins. Co.*, 2009 WL 10670900 (M.D. Fla. July 2, 2009), in terms equally applicable here:

> *Defendant argues that the parties' agreement as to Plaintiff's entitlement to the additional $63,159.77, which Defendant has now paid, renders the issue moot.* However, the Court notes that both parties agree that Plaintiff is entitled to attorneys' fees in an undetermined amount pursuant to Florida Statutes section 627.428 . . . . Under that statute, a court decree or judgment in Plaintiff's favor is necessary to solidify Plaintiff's entitlement to those fees. *Therefore, the Court finds it appropriate to enter a judgment in favor of Plaintiff in the amount of the additional liability on the policy.*

*Id.* at * 1 (emphasis added)

Accordingly, the Court will deny Defendant's motion for summary judgment except to the extent that Plaintiffs obviously will not be allowed to recover for the covered property loss itself, since they have already been compensated by the Defendant's payment of the appraisal award. The Court will also entertain a motion by Plaintiffs seeking to confirm the appraisal award and to award Plaintiffs their fees and costs. While some authority holds that confirmation of an appraisal

award is unnecessary to support recovery of fees where the award has already been paid,[3] numerous Florida state and federal cases support confirmation of the award on the facts presented here. *See, e.g., First Floridian Auto & Home Ins. Co. v. Myrick*, 969 So. 2d 1121, 1123-25 (Fla. 2d DCA 2007) (affirming trial court order granting insured's motion to confirm appraisal award and determine entitlement to fees where insurer invoked appraisal process and paid award only after suit was filed); *Gimenez*, 2009 WL 10670900, at *1 (confirming award where plaintiff filed suit in order to obtain additional amounts claimed to be owed by insurer, and insurer invoked appraisal process and paid resulting award).[4]

To further explore any remaining issues and the procedure going forward, the Court will hold a status conference to be scheduled by a separate notice. At the status conference, the Court will ask the parties to address the following topics in the light of the rulings in this Order:

1. The statutes and contract provisions that govern the propriety of a fee award to Plaintiffs here;

---

[3] *See, e.g., Goff*, 999 So. 2d at 687 n.4.
[4] *See also Travelers Indem. Ins. Co. of Ill. v. Meadows MRI, LLP*, 900 So. 2d 676 (Fla. 4th DCA 2005) (affirming trial court judgment confirming already-paid appraisal award and granting motion for fees); *Wilson v. Federated Nat'l Ins. Co.*, 969 So. 2d 1133 (Fla. 2d DCA 2007) (reversing dismissal of complaint and remanding with instructions to confirm appraisal award and enter final judgment thereon); *Almeria Park Condo.*, 2019 WL 1959200, at *7 ("Given Defendant's payment of the appraisal award operates as a confession of judgment, Plaintiff is entitled to an order confirming the already-paid appraisal award and judgment in its favor"); *Second Gulfstream Garden Condo., Inc v. QBE Ins. Corp.*, 2009 WL 10669114, at *1-2 (S.D. Fla. April 30, 2009) (confirming appraisal award as final judgment where insurer refused to cooperate in the appraisal process until after the plaintiff filed suit); *Royal Marco Point 1 Condo. Ass'n v. QBE Ins. Corp.*, 2008 WL 4194807, at *1-2 (M.D. Fla. Sept. 10, 2008) (confirming award where insured was required to initiate lawsuit in order to obtain benefits under the policy); *Pelican Pointe of Sebastian II Condo. Ass'n v. Empire Indem. Ins. Co.*, 2007 WL 9702449 (S.D. Fla. Aug. 8, 2007) (confirming appraisal award and retaining jurisdiction to award fees and costs where plaintiff filed suit prior to insurer's agreeing to appraisal process).

2. The facts Plaintiffs must establish in order to be entitled to confirmation of the appraisal award, an award of fees, and final judgment in their favor;

3. Whether any facts required to demonstrate Plaintiffs' entitlement to confirmation of the award or attorney's fees in this case are disputed by the parties; and

4. Whether Plaintiffs seek a monetary recovery other than an award of fees and, if so, the legal and factual basis for such a recovery.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Plaintiffs' Motion to Lift Stay and Request for Leave to File Third Amended Complaint" (Doc. 38) is **GRANTED IN PART a**nd **DENIED IN PART**.  The motion is **GRANTED** to the extent that the stay of this case is lifted.  The motion is otherwise **DENIED.**

(2) Defendant's "Motion for Entry of Final Summary Judgment" (filed in the same document as "Defendant's Response in Opposition to Plaintiffs' Request for Leave to File Third Amended Complaint" (Doc. 41)) is **GRANTED IN PART** and **DENIED IN PART**.  The motion is **GRANTED** to the extent that Plaintiffs may not recover for the property loss that was the subject of appraisal, for which Plaintiffs have already been paid by Defendant.  The motion is otherwise **DENIED**.

(3) The parties are **DIRECTED** to appear at a Zoom status conference, to be scheduled by separate notice, to discuss the topics listed in the body of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of October, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**